UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:10-CR-33-DBH |
| | ) | |
| JAMES E. CHARLES, | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR SENTENCE REDUCTION

The defendant James Charles has submitted a letter to the court requesting the appointment of counsel to seek a reduced sentence on account of the retroactive and more lenient drug calculation Guideline, which took effect November 1, 2014. U.S. Sentencing Guidelines Manual app. C, Amendment 782 (2014); U.S. Sentencing Guidelines Manual § 1B1.10(d) (2014).

Charles pleaded guilty to Possession with Intent to Distribute 5 Grams or More of Cocaine Base under 21 U.S.C. §§ 841(a)(1), (b)(1)(B), which carries a 10-year minimum mandatory prison term because Charles had a prior conviction for a felony drug offense. Without the mandatory minimum, his Guideline range would have been 70 to 87 months. But "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." See U.S. Sentencing Guidelines Manual § 5G1.1(b). Accordingly, in November, 2010,

I sentenced Charles to the mandatory minimum of 10 years' (120 months') imprisonment.

That statutory mandatory minimum still remains the lowest available Guideline sentence under § 5G1.1(b), even though the revised drug quantity calculations would otherwise reduce the sentencing range.  Therefore, Charles is not eligible for any further reduction.  See U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range").

Accordingly the motions to appoint counsel and reduce sentence are **DENIED**.

**SO ORDERED.**

**DATED THIS 6TH DAY OF FEBRUARY, 2015**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**